UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEE HALL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>RICKY BELL, *Warden*, )<br>)<br>Respondent. ) | No.: 1:19-CV-341-DCLC-CRW<br>DEATH PENALTY |

## ORDER

On December 2, 2019, Petitioner Lee Hall – whose execution is scheduled for December 5, 2019 – filed a "Second Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254 [Doc. 1], as well as a Motion for a Stay of Execution [Doc. 6]. In light of the urgency of this matter, the Court ordered Respondent to file an immediate response to the Motion to Stay [Doc. 9], and Respondent has now filed his response in opposition [Doc. 10]. For the reasons stated herein, the Court concludes that it lacks jurisdiction over both Petitioner's § 2254 Petition and his Motion to Stay. The Court will immediately **TRANSFER** this case in its entirety to the United States Court of Appeals for the Sixth Circuit for its consideration as to whether to grant Petitioner leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2254, as well as for consideration of Petitioner's Motion to Stay his December 5, 2019 execution.

As an initial matter, Petitioner filed his first Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on October 18, 2006 [*See Hall v. Bell,* E.D. Tenn. Case No. 2:06-cv-56, Doc. 12]. On March 11, 2010, the District Court dismissed the Petitioner's § 2254 petition in a 127-page memorandum opinion [*See Hall v. Bell,* E.D. Tenn. Case No. 2:06-cv-56, Doc. 85]. On December 2, 2019, the Petitioner filed the instant "Second Petition," raising claims related to juror bias.

Petitioner's second petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), which provides in relevant part that:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)
> >
> > > (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; ***and***
> > >
> > > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); *see also Magwood v. Patterson*, 561 U.S. 320, 335 (2010) (clarifying that the phrase "second or successive" in the AEDPA applies to "applications" for habeas relief, rather than to specific claims). If a federal habeas petitioner wishes to pursue such a "second or successive" petition in the district court, he must *first* move for (and obtain) an order authorizing the district court to consider the motion in the United States Court of Appeals for the Sixth Circuit. 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147 (2007) (holding that district court lacks jurisdiction to consider a second or successive petition with prior approval under § 2244(b)(3)(A)).

There is no dispute that the Court has not received an order from the Sixth Circuit authorizing the Court to consider this second petition. Given that Petitioner has titled his filing a "Second Petition" for habeas corpus relief pursuant to § 2254, it would appear on first glance that the Court lacks jurisdiction over this matter. However, "second or successive" is a term of art, and not every "numerically second" petition is second or successive under the AEDPA. *See, e.g.*,

*Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007) ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior [] application."). For those petitions that are second-in-time but not "second or successive," no prior authorization is required from the appellate court. *See, e.g.*, *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018). Accordingly, in order to determine whether it has jurisdiction over this matter, the Court must determine whether the instant Petition is "second or successive" under AEDPA or merely "second-in-time." *See In re Smith*, 690 F.3d 809 (6th Cir. 2012) (district court is obligated to make initial determination as to whether petition is second or successive before initiating transfer to appellate court).

Petitioner argues that his instant Petition for habeas relief, though second-in-time, is not "second or successive" under the AEDPA, and that this Court accordingly has jurisdiction to consider his claims without the need for prior authorization from the Sixth Circuit [Doc. 1 at 15-17]. Specifically, he argues that he did not abandon known claims, but rather was prevented from having a fair opportunity to raise his claims of juror bias in his first habeas petition due to the juror's concealment of and/or failure to disclose the relevant evidence in a timely manner [*Id.*]. He accordingly argues that because his petition contains claims that are based upon newly discovered evidence and because those claims "could not have been raised" in his first habeas petition, his instant filing is not "second or successive" under the AEDPA [*Id.*].

Respondent disputes Petitioner's assessment, arguing that the Petition is clearly second or successive [Doc. 10 at 3-6]. Respondent specifically notes that the new petition concerns the same conviction at issue in the first petition and involves a claim of juror bias, which the Sixth Circuit generally considers a "second or successive" claim due to the fact that the claim challenges events

3

that occurred at the trial stage [*Id.*]. In short, Respondent argues that the fact that the claim is predicated upon newly discovered evidence that could not reasonably have been discovered with due diligence does not render the claim "newly ripened" or remove it from the limitations associated with filing second or successive challenges [*Id.*]. Respondent thus maintains that prior authorization for this petition is required from the Sixth Circuit, and that this Court accordingly lacks jurisdiction to consider Petitioner's claims at this stage [*Id.*].

There are "only limited exception[s]" to the generally applicable rule that a second-in-time habeas application is a second or successive one under § 2244(b)(2)(B). *See Allen v. Mitchell*, 757 F. App'x 482, 484 (6th Cir. 2018). The Sixth Circuit has determined that a subsequent petition will not be second or successive if: (1) it asserts a claim whose factual predicate arose *after* the filing of the original petition; (2) it asserts a ground for relief that was not ripe at the time the initial petition was filed (such as claims for competency to be executed); (3) it is the initial challenge to a specific or new state court judgment; or (4) the first habeas petition was dismissed for failure to exhaust state remedies.[1] *In re Wogenstahl*, 902 F.3d at 627; *see also e.g., Hayward v. Warden*,

---

[1] In *Wogenstahl*, the Sixth Circuit relies upon the "abuse-of-writ" standard, which pre-dated the AEDPA, "[t]o determine whether a petition is second or successive." 902 F.3d at 627. Abuse of writ principles "asked whether a petitioner already had a full and fair opportunity to raise the relevant claim in the district court." *Askew v. Bradshaw*, 636 F. App'x 342, 346 (6th Cir. 2016). It has generally been applied to numerically second petitions that raise claims that could have been raised previously but were not due to deliberate abandonment or inexcusable neglect, to bar "needless," "piecemeal," or vexatious collateral proceedings. *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (collecting cases and quoting *Sanders v. United States*, 373 U.S. 1 (1963) and *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

However, as noted recently in *Hanna v. Shoop*, 2019 WL 4242735, at *6 (S.D. Ohio Sept. 6, 2019), the abuse-of-writ doctrine was a "judge crafted limitation on second petitions [that was] replaced by the AEDPA. . . . Congress did not incorporate the abuse of writ doctrine into the AEDPA and the category of petitions that are not 'abusive' under the doctrine is broader than the category of cases that are not second or successive under § 2244(b)." *Id.* (noting that petitioner cited "no authority that any petition which would have satisfied the abuse of writ doctrine is, by

2019 WL 2058628 (S.D. Ohio May 9, 2019) (failure to exhaust); *Askew v. Bradshaw*, 636 F. App'x 342 (6th Cir. 2016) (new state court judgment); *Magwood v. Patterson*, 561 U.S. 320 (2010) (new state court judgment); *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (unripe ex post facto claim); *In re Bowen*, 436 F.3d 699 (6th Cir. 2006) (failure to exhaust); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (competency to be executed).

In contrast, a petition that lands squarely "within the scenario contemplated by § 2244(b)(2)(B)" is thus subject to all associated gatekeeping rules if it: challenges the same state court judgment as the first habeas petition; raises claims that were not raised in the first habeas petition; raises claims that were not "unripe" at the time of the first habeas petition (that is, the factual predicates for the alleged constitutional violations had already occurred at the time of the first habeas petition); and is predicated upon facts "only recently discovered." *In re Wogenstahl*, 902 F.3d at 627-28; *see also In re Keith*, 2018 WL 8807240, at *2 (6th Cir. Oct. 26, 2018) (holding that petition with claims based on conduct that occurred prior to trial and were not raised in previous habeas petition is successive, but granting authorization to file second or successive petition based on new evidence under § 2254(b)(2) standard); *but cf. In re Chambers*, 407 F. App'x 877, 880 (6th Cir. 2011) (denying authorization to file second or successive § 2254 petition after assessing claims of juror misconduct and grand jury bias under the requirements of § 2244(b)).

---

virtue of that fact, not second or successive.").

This Court notes, as did the district court in *Hanna*, that "if the abuse of writ doctrine still applied, it would be proper to find the instant Petition is not an abuse of writ." *See id*. The Court specifically notes that there is no suggestion of abandonment, inexcusable neglect, or vexatious or abusive litigation tactics in Petitioner's request, and the record demonstrates that Petitioner has not yet have an opportunity to raise the relevant claims of juror bias in the district court. However, the Court can find no precedent supporting the idea that a lack of abuse under the pre-AEDPA standards is sufficient to find that an application is not second or successive if it also falls under the umbrella of § 2244(b)(2).

Applying these standards, the Court must conclude that the instant Petition is both numerically successive *and* "second or successive." The Petition contests the same state court judgment of conviction that was challenged in the first federal habeas petition, which was decided on the merits. The factual predicate for the new claim occurred at the time of Petitioner's trial, not after the trial; thus, the claim was ripe at the time of the alleged constitutional violation – that is, at the time of Petitioner's trial and verdict when the alleged juror bias and misconduct occurred. Petitioner argues that the trigger is the discovery of the bias, which only occurred recently. But, Petitioner's discovery of the juror's alleged bias and concealment is not a factual predicate that gives rise to a new claim, nor is the date upon which he discovered the alleged violation the relevant date for determining the ripeness of the claim. Quite to the contrary, the fact that his application is based upon newly discovered evidence that could not have been discovered with reasonable diligence places it firmly within the purview of § 2244(b)(2) and requires Sixth Circuit authorization for this Court to consider this claim any further.

In drafting the AEDPA, Congress created elaborate gatekeeping mechanisms and a "stringent set of procedures" that habeas petitioners must comply with in order to open the door for additional applications for habeas relief considered on their merits. *In re Salem*, 631 F.3d 809, 811-12 (6th Cir. 2011). In the instant case, the Court simply finds that the gates to this Court's jurisdiction over the new § 2254 Petition remain locked unless and until Petitioner "clear[s the] high hurdle" of obtaining authorization from the Sixth Circuit to file a second or successive habeas application in order to raise his claims of juror bias in this Court. *See Allen*, 757 F. App'x at 485; *c.f. Magwood*, 561 U.S. at 334-35 (rejecting "one opportunity" reading of AEDPA that would "considerably undermine—if not render superfluous" the exceptions and requirements for second or successive habeas petitions under § 2244(b)(2)); *Burton*, 549 U.S. at 152-53 (holding that

decision to exempt petitioner from prior authorization requirements of § 2254(b)(3) based on his "legitimate excuse for failing to raise" his claims in the prior habeas action was inconsistent with precedent and practice for mixed petitions, and remanding based upon district court's lack of jurisdiction over the second or successive petition).

Because the Court has found that it lacks jurisdiction to consider the underlying Petition or the Motion to Stay Petitioner's execution – scheduled for **7:00 p.m. CST on December 5, 2019** – the Clerk is **DIRECTED** to immediately **TRANSFER** this action in its entirety to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).[2]

**IT IS SO ORDERED.**

**E N T E R :**

_____
Clifton L. Corker
United States District Judge

---

[2] Given that this Court has found that it lacks jurisdiction to consider this second or successive habeas petition, the Court concludes that it also lacks jurisdiction to rule on Petitioner's Motion to Stay his pending execution. *See, e.g.*, *Smith v. Anderson*, 402 F.3d 718, 725 (6th Cir. 2005) (granting respondent's motion to vacate stay of execution because petitioner's motion was "the equivalent of a second or successive habeas petition" over which the district court lacked jurisdiction); *Alley v. Bell*, 392 F.3d 822, 833-34 (6th Cir. 2004) (noting that if district court lacks jurisdiction over a petition because it is second or successive, it also lacks jurisdiction to enter a stay of execution).